# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

*(Trenton Court)*

*Prepared by: Regal Paralegal*
**JAMES DEPAOLA - (Pro-Se)**
20 Watts Street
South River, NJ 08882
(732) 353-6665
(848) 391-3853

Case No: **10-3644**

JAMES DEPAOLA
   *(plaintiff)*

vs.

NEW BRUNSWICK MUNICIPAL
COUNTY OF MIDDLESEX
M.C.A.C.C.
   *(defendants)*

**AMENDED CIVIL RIGHTS COMPLAINT**

(Pursuant to Title 42 USC §1983; §1985(3) and §1986 and the RFRA §2000bb-1)

*Jury Trial Demanded*

RECEIVED
JUL 2 9 2010
AT 8:30
WILLIAM T. WALSH
CLERK

## A)   COMPLAINT AND JURY TRIAL DEMAND

Plaintiff JAMES DEPAOLA brings this action against Defendants named herein, demanding the exercise of His rights to a Trial By Jury as a Natural American Born Human/Citizen and a New Jersey State Citizen under the Bill Of Rights and Constitution of the united states. In support of His action, Plaintiff unequivocally avers as follows:

1

## B) PARTIES

1) Defendant #1 is **NEW BRUNSWICK MUNICIPLE COURT** and herein after shall be identified within this Motion as **(D1)** or **New Brunswick** or **NBMC**. This Defendant is a city located in Middlesex County NJ, who acted under color of state law, at the time acts of Double Jeopardy; Due Process/Notice Rights Violation against Plaintiff occurred. Defendants' place of self-employment address is:

   City Of New Brunswick
   78 Bayard Street
   New Brunswick, NJ 08901
   Att: William J. Hamilton Jr.

2) Defendant #2 is **MIDDLESEX COUNTY** and herein after shall be identified within this Motion as **(D2)** or **MC**. This Defendant is a County Correctional Facility, located in Middlesex County, of the State of NJ, and being sued for acts of Rights Violation against Plaintiff's Rights to Life; Liberty; Safety; Religious Free Speech and Worship; Free Exercise of Religion; and Cruel and Unusual Punishments by Overcrowding Jail Cells and for Double Jeopardy Defendants' address is:

   Middlesex County Counsel
   75 Bayard Street -2nd FL
   New Brunswick, NJ 08903
   Att: Thomas F. Kelso Esq.

3) Defendant #3 is **MIDDLESEX COUNTY ADULT CORRECTION CENTER** and herein after shall be identified within this Motion as **(D3)** or **MCACC**. This Defendant is a County Correctional Facility, located in Middlesex County, of the State of NJ, and being sued for acts of Rights Violation against Plaintiff's Rights to Life; Liberty; Safety; Religious Free Speech & Worship; Free Exercise of Religion; and Cruel & Unusual Punishments by Overcrowding Jail Cells.

   Middlesex County Counsel
   75 Bayard Street -2nd FL
   New Brunswick, NJ 08903
   Att: Thomas F. Kelso Esq.

## C) JURISDICTION

1) Jurisdiction in this court is proper pursuant to Title 42 of the USC §1983; §1985(3); §1986 and Title 28 USC §1343(a)(3) which provides as follows:

   (a) *The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:*

   (b) *To redress the <u>deprivation</u>, under color of any State law, statute, ordinance, regulation, custom or usage, <u>of any right</u>, privilege or immunity <u>secured by the Constitution</u> of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.*

   Further, Title 28 USC §1331 similarly provides that:

   *"District courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."*

2

2) Finally, Jurisdiction in this court is proper pursuant to the **Religious Freedom Restoration Act** (42 U.S.C. § 2000bb-1, also known as **RFRA**) similarly provides that:

    (a) **In general**
        Government shall not substantially burden person's exercise of religion even if burden results from a rule of general applicability except as provided in subsection (b) of this section.

    (b) **Exception**
        Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person—
        (1) is in furtherance of a compelling governmental interest;
        (2) is the least restrictive means of furthering that compelling governmental interest.

    (c) **Judicial relief**
        A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding & obtain appropriate relief against a government. Standing to assert a claim or defense under this section shall be governed by the general rules of standing under article III of the Constitution.

## D)   NATURE OF CASE

This is a Civil Rights Action, pursuant to Title 42 of USC §1983; §1985(3); and §1986. Plaintiff is suing the Defendants Numbers 1 through 3 for various Deprivations of Civil Rights Violations as listed below.

Defendant #(**D3**) is being sued for violating Plaintiffs 1st Amendment Right to Free Speech of Religion and for the Free exercise thereof;

> *"Congress shall make no law respecting an establishment*
> *of religion, nor prohibiting the free exercise thereof"*

Defendants (**D1**)-(**D2**) for violating Plaintiffs' 5th Amendment Right against Double Jeopardy; for Depriving Plaintiff of Liberty/Pursuit of Happiness; False Arrest; False Imprisonment; for violating Right to Notice/Due Process.

> *"nor shall any person be subject for the same offense to be twice put in jeopardy of life*
> *or limb …..nor be deprived of life, liberty, or property, without due process of law"*

Defendants (**D1**)-(**D2**) for violating Plaintiff's 8th Amendment Right against excessive Bails and Fines, Cruel & Unusual Punishments *(Over-Crowding, sleeping on Floor, eating meals over Toilet Bowl; Lengthy Lockdown of POD for no good cause; Creating Fire-Hazards and etc.)*;

> *"Excessive bail shall not be required, or excessive fines imposed,*
> *nor cruel and unusual punishments inflicted"*

## E)   CAUSE OF ACTION

    1) On 05/01/96 the Defendant-NEW BRUNSWICK MUNICIPAL issued 3-Tickets to Plaintiff and such were dismissed on 11/22/99. *(see Exhibit-A)*

3

2)   On or about 01/25/01, NBMC allegedly re-issued a Bogus Warrant against Plaintiff for same Traffic Tickets that were issued on 05/01/96 and originally closed on 11/22/99. Plaintiff finds this very strange that such a Bogus Warrant was re-issued 2-years after such case was dismissed. Finally, upon request, MCACC produced a Document to Plaintiff that such Warrant was Active and outstanding even though that same Document states that the STATUS of this Case in Question is CLOSED. *(see Exhibit B-B2-B3)*

3)   Further, Plaintiff also finds it very strange that such Bogus Warrant was allegedly outstanding since 01/25/01, because between the dates of 05/07/01 - 09/27/07, this Plaintiff was incarcerated at MCACC FACILTY, LOCATED IN North Brunswick-NJ, *(whose mailing address is in New Brunswick)* on at least 9-separate occasions for various minor Traffic Offenses and never once of those 9-separarte occasions, was Plaintiff detained, nor prevented from being released from MCACC, as a result of this alleged Warrant that was suspiciously and questionably re-issued and outstanding since 2001. *(see Exhibit-C)*

4)   Finally, what is absolutely perplexing and puzzling about this whole case is: NEW BRUNSWICK claims to have re-issued a Warrant that was outstanding since 01/25/01, yet, 4-months later on 05/07/01, Plaintiff is SENTENCED by NEW BRUNSWICK to 60-days for other alleged/outstanding Tickets/Fines **(W1995-3043)** and NOT A WORD was uttered by NEW BRUNSWICK COURT regarding this alleged OUTSTANDING WARRANT from 2001, nor did such alleged and outstanding 2001 Warrant prevent Plaintiff from being released from MCACC after serving 60-Days. *(see Exhibit-D)*

5)   To add INSULT to INJURY, 4-years after serving 60-Days for alleged Separate Case #**(W1995-3043)**, that was closed, NEW BRUNSWICK arrests Plaintiff again for **(W1995-3043)** and Sentences Plaintiff to 153-Days, YET, NEW BRUNSWICK never mentions anything to Plaintiff regarding this OTHER alleged and outstanding 2001 Warrant. *(see Exhibit-E)*

6)   Plaintiff believes that New Brunswick and/or Middlesex County officials are operating a SCAM that results in a lucrative source of desperately needed Income for the County Treasury and/or for the personal benefit of certain Government Officials. This is not the 1st Time NBMC has violated Plaintiffs' Right against Double Jeopardy. *(see Exhibits D-E-J)*

7)   Such ALLEGED 2001 Bogus Warrant was executed on 09/27/07 by South River Police Dept. who arrested Plaintiff for this alleged and Bogus outstanding Warrant. Such Bogus Warrant caused Plaintiff to be Falsely Arrested and Imprisoned for a Matter settled long ago.

4

8) Upon such False Incarceration, Plaintiff's Bail was excessively set at of $10,000 for a Traffic Ticket that if valid, would have been no more than $1,000 in Fines and/or 10-Days in Jail. A more appropriate Bail would have been $1,500 at most. As a result of this Excessive Bail placed against Plaintiff by New Brunswick Municipal Court, Plaintiff was UNABLE to POST BAIL and sat in the MCACC FACILTY for 13-Days on a matter closed back in 1999.

9) After 13-Days of Incarceration, Plaintiff was brought before the Honorable Judge Wright, who had listened to my pleas of Innocence, Double Jeopardy & Request for Dismissal. Judge Wright immediately ordered my release from MCACC then instructed me that I would receive a Court Date in the Mail, summoning me to appear at New Brunswick Municipal Court at a certain date in time.

10) Plaintiff awaited for such Legal Notice to Appear, but such Legal Notice was never issued or mailed to my Address, nor had any of my Relatives received any Notice on my behalf, who live in South River and in various towns throughout NJ. No one from the Court ever contacted me by Phone, even though they had my telephone Number. After 4-months of NO NOTICE or PHONE CALL, this Plaintiff rightly assumed, *(according to His Innocence and Fact that a CLEAR MISTAKE had been made)*, that DEFENDANT must have realized this was a mistake and decided to leave this matter to rest. But not so!

11) On 02/14/08, Plaintiff was, for the 2nd time, falsely arrested and falsely incarcerated on this same Bogus Warrant from NEW BRUNSWICK MUNICIPAL Court. Upon such False Incarceration, Plaintiff's Bail was excessively set, for the 2nd time, at $10,000 for a Traffic Ticket that if valid, would have been no more than $1,000 in Fines and/or 10-Days in Jail.

12) Plaintiff sat in MCACC for 13-days before being brought before the Court on 02/26/08. When Plaintiff was brought before the SAME JUDGE WRIGHT, He was dumbfounded as to WHY PLAINTIFF was here, after I had addressed JUDGE WRIGHT, demanding to know WHY I WAS HERE. I further alerted Judge Wright that NO NOTICE was ever afforded me. Judge Wright looked to the Court Clerk and asked her if she had mailed a Notice or had a Copy of such Notice that was mailed. She replied NO. Plaintiff personally asked if He could see a Copy of such Notice that was supposed to be sent, and NO NOTICE was produced to this Plaintiff. As a result, JUDGE WRIGHT once again, ordered my immediate release from MCACC.

13) On 05/06/08, Plaintiff received Notice to appear on 05/16/08. This Court Appearance was rescheduled for 7/22/08 for various reasons known and unknown. On 07/22/08, this BOGUS WARRANT and TRAFFIC TICKETS were dismissed and rightly so. *(see Exhibits-F-F2-F3)*

14) Plaintiff sat Incarcerated for a total of 26-days, under false pretenses that resulted in Plaintiff's Life and Plaintiff's Family Life to be put in total disarray. While incarcerated for those 26-Days, Plaintiff sought Spiritual Guidance and Fellowship, but such was denied to Plaintiff, even though Bible Studies, Prayers, Worship & Spiritual Instruction and Counseling was occurring in other parts of MCACC Facility. Plaintiff was told that I could not participate in Bible Study, Fellowship, Prayers, Worship and Instruction for 2-Reasons:

   a) Because no Bible Study was being offered in our SPECIAL NEEDS UNIT, called SNU-POD at the time

   b) Because such Religious Activities are located in a different Section or Location inside of MCACC Facility and SNU-POD was not allowed to go to them. No explanations given as to why SNU-POD is prohibited

15) Plaintiff reasoned with MCACC that we Inmates who are housed in SNU-POD are allowed to visit the LAW LIBRARY which is not only in another section of MCACC Facility, but that BIBLE STUDY is conducted right next door to the LAW LIBRARY and in several OTHER ROOMS not far from the LAW LIBRARY throughout each week.

16) Plaintiff has been a member of CALVARY CHAPEL of OLD BRIDGE NJ for 20-years now and Plaintiffs Home Church conducted Bible Studies at MCACC for many years now, to this very day! Plaintiff could have easily been allowed to attend MY Church's Weekly Bible Study. MCACC-Defendant could have called Plaintiff out for such Bible Study, like they called Plaintiff out for LAW LIBRARY every week. Allowing Plaintiff access to Religious Services would not have been a Burden for them to do, It would have been the LEAST RESTRICTIVE POLICY to enforce and NEVER ONCE did this DEFENDANT-3 ever provide a justifiable GOVERNMENT COMPELLING INTERST that could/should deny me access to religious Services.

17) While Falsely Incarcerated for Bogus 2001 Warrant from NEW BRUNSWICK, Plaintiff felt oppressed, depressed and unduly burdened by DEFENDANT-2 not allowing Plaintiff access to Religious Services for 13-days straight, from 09/27/07 – 10/09/07.

18) While Falsely Incarcerated for Bogus 2001 Warrant from NEW BRUNSWICK, Plaintiff felt oppressed, depressed and unduly burdened by DEFENDANT-2 not allowing Plaintiff access to Religious Services for 13-days straight, from 02/14/08 – 02/26/08.

19) The following Cruel & Unusual punishments occurred while Plaintiff was Falsely Incarcerated 13-days straight, from 09/27/07 - 10/09/07:

   a) Due to Overcrowding of jail, MCACC was housing 3-Inmates into a 2-Man Cell, forcing myself to sleep on the floor and to eat my Meals over a Toilet Bowl.

   b) Due to Overcrowding, tensions were at an all-time high. Fights occurred often with MCACC's Over-crowding problem; resulting in our POD being placed on LOCK-DOWN STATUS every time a Fight broke out ANWHERE in the Jail. We were often Locked-Down for days at a time, 3-Men to a Cell, forcing us to see, hear and smell each others piss and Fecal matter while making Bowel Movements. Under normal conditions, Inmates are allowed out of their Cells for most of each day, only temporarily returning to Cells after each meal, Shift-Change and Bed-Time.

   c) Due to Overcrowding and being on LOCK-DOWN STATUS, for days at a time, we often went without proper Daylight and/or outdoor activities/exercise and fresh air.

20) The following Cruel and Unusual punishments occurred while Plaintiff was Falsely Incarcerated 13-days straight, from 02/14/08 - 02/26/08:

   a) Due to Overcrowding of jail, MCACC was housing 3-Inmates into a 2-Man Cell, forcing myself to sleep on the floor and to eat my Meals over a Toilet Bowl.

   b) Due to Overcrowding, tensions were at an all-time high. Fights occurred often with MCACC's Over-crowding problem; resulting in our POD being placed on LOCK-DOWN STATUS every time a Fight broke out ANWHERE in the Jail. We were often Locked-Down for days at a time, 3-Men to a Cell, forcing us to see, hear and smell each others piss and Fecal matter while making Bowel Movements. Under normal conditions, Inmates are allowed out of their Cells for most of each day, only temporarily returning to Cells after each meal, Shift-Change and Bed-Time.

   c) Due to Overcrowding and being on LOCK-DOWN STATUS, for days at a time, we often went without proper Daylight and/or outdoor activities/exercise and fresh air.

21) While Falsely Incarcerated for Bogus 2001 Warrant issued by NEW BRUNSWICK, Plaintiff complained and begged for relief, but none was given. Our cries fell upon deaf ears from 09/27/07 - 10/09/07 and from 02/14/08 - 02/26/08. In addition to these dates, Plaintiff complained and begged for relief on/between 03/13/08 - 06/12/08 and on/between 09/29/09 - 10/07/09.

F) **PROCEDURAL HISTORY-(I)** ♦ *Bogus 1996 Traffic-Warrant & Double Jeopardy*

   1. See '**Cause Of Action**' above and herein.

G) **PROCEDURAL HISTORY-(II)** ♦ *Religious Rights Violation*

1. See '**Cause Of Action**' above and herein.

2. On 03/13/08, Plaintiff was incarcerated and immediately sought Spiritual Instruction, Prayer and Counseling from my Protestant Pastor/Laymen. I was informed by our SNU-POD Officer that they have no such Services/Opportunities available to OUR POD, but that ALL OTHER PODS have such Services/Opportunities. I wrote letters to several Officers with NO REPLY. Hence, I decided to write a Grievance to the Warden.

3. On 04/16/08, Plaintiff filed a Grievance with Warden that our POD is never called out, Invited nor offered the opportunity ALL OTHER PODS have, except for C-POD, which is the LOCK-DOWN POD for Inmates convicted of Infractions. *(see Exhibit-G)*

4. On 04/17/08, the Response I received was from JOYCE PIRRE, the MCACCs' Chief of Program Services, was stated as follows:

   **I'll have someone from Calvary Chapel** *(my church who holds many Bible studies at MCACC for many years now)* **see you in SNU either on Wednesday Morning or Saturday Morning. They don't do an actual service.** *(I was well aware that Calvary Chapel holds Bible Studies, not Church Services)*      *(see Exhibit-H)*

5. However, no one ever came to visit Plaintiff that Wednesday or Saturday, nor for the next whole month. JOYCE PIRRE contacted me to tell me that I was put on the LIST for CATHOLIC SERVICES. I appreciated her thoughtfulness, but I am not CATHOLIC, but a PROTESTANT.

6. Hence, Plaintiff wrote another letter to JOYCE PIRR on 4/30/08, voicing my Concerns, Frustrations with delay and offered LESS RESTRICTIVE POLICY suggestions and Legal Remedies and/or Recourse to my/our dilemma. *(see Exhibit-I)*

7. When Plaintiff returned to MCACC on the dates listed below, the Plaintiff repeatedly Requested to attend the several Bible Studies held throughout each week of every month, yet Plaintiff was denied access to Religious Services every time:

   a) 09/27/07 – 10/09/07  *(On these dates, I requested repeatedly without Resolution)*
   b) 02/14/08 – 02/26/08  *(On these dates, I requested repeatedly without Resolution)*
   c) 03/13/08 – 06/12/08  *(On these dates, I requested repeatedly without Resolution)*
   d) 09/29/09 – 10/07/09  *(On these dates, I requested repeatedly without Resolution)*

I) **INJURY**

1. Plaintiff lost his Liberty and Pursuit of Happiness, Lost the ability to provide for His Family the Mental; Spiritual and Physical needs necessary and vital to a healthy relationship; was deprived the sharing of Love and Joy that accompanies Family Life and such blessings were grossly interrupted and denied Plaintiff for 26-Days.

2. Plaintiff lost an **unspecified amount of Income** from such Income opportunities lost as a result. Plaintiff loss of Business/Income & Job Opportunity as a result of the unlawful deprivation of Plaintiffs' Liberty; Right to Notice, Right to Due Process; and for the clear violation of this Plaintiffs' Right against

    Double Jeopardy, Excessive Bails/Fines accordingly. As a result, Plaintiff now lives a somewhat fearful life, constantly looking over His shoulder, believing that these same and/or other Government Officials can and will at whim, repeat the same Damages and Injuries previously inflicted, finding it difficult to appropriately place the grounds of confidence necessary in those that have the authority to Govern over Him.

3. Since Plaintiffs several Rights, enumerated herein, were violated, Plaintiff has **suffered irreparable harm, mental duress, grief, on-going fears** and repeated **nightmares** to this very day of the gross injustices done to Plaintiff and from such violations named herein, made against His person.

4. Plaintiff has suffered Spiritual loss and served His Time of False Incarcerations with a heaviness of depression, oppression, grief and agony in His Soul and mind, knowing that Plaintiffs' Home Church visited MCACC on a weekly basis and was but a few steps away from SNU-POD where Plaintiff was housed and yet, Plaintiff was denied routinely, before, during and after Plaintiffs' False Imprisonment for a 2001 Bogus Warrant, issued by NBMC.

H) **PREVIOUS LAWSUITS** None.

I) **REQUEST FOR RELIEF**

1. Plaintiff is requesting relief from the Court, by Jury verdict to award Plaintiff Judgment and to enter against Defendants the unspecified amount of Compensatory Damages for Plaintiffs' loss of Income generating Business and Job Opportunity as a result of the Defendants several committed acts violative of Plaintiffs Civil Rights.

2. Plaintiff is requesting the Court, by Jury verdict to award Plaintiff Judgment against all Defendants in the unspecified amount of Punitive Damages for irreparable harm; mental duress, negligence, stress, continual bad dreams & deprivation/violation of Plaintiffs' inalienable Rights sustained as a result of Defendants several committed acts violative of Plaintiffs Civil Rights.

3. Plaintiff further requests recovery of Para-Legal Fees associated with this Civil Action in the amount of $2,000 for Cost of Traveling; Meetings; Mailings; Phone Calls; Legal Research; Investigations conducted; Consultations; Paper; Ink; Envelopes; and other Paralegal Services rendered by Regal Paralegal since July 22, 2008 to the close of this Case.

4. Plaintiff requests recovery of Filing Fees, if any.

**DECLARATION UNDER PENALTY OF PERJURY**

*The undersigned declares under penalty of perjury that I am the Plaintiff in the above action that I am of legal age; that I am of sound mind; that I have read the above complaint, and that the information contained therein is true and correct. I the Plaintiff make declarations pursuant to 28 U.S.C. §1746 & 18 U.S.C. §1621.*

Respectfully Submitted,

DATE: _____July 19_____, 2010          _____*James L. DePaola*_____
                                              James DePaola – *Plaintiff*