**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES DEPAOLA, | CIVIL ACTION NO. 10-3644 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| NEW BRUNSWICK MUNICIPAL COURT, et al., | |
| Defendants. | |

**THE PLAINTIFF**, who is pro se and was not incarcerated when he filed the initial Complaint on July 20, 2010, applies for in-forma-pauperis relief under 28 U.S.C. § 1915 ("Application"). (Dkt. entry no. 1, Appl.)  The Court will (1) grant the Application, and (2) deem the Complaint and the Amended Complaint to be filed.  The Court may now (1) review the Amended Complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

**THIS IS** an action alleging violations of constitutional rights pursuant to 42 U.S.C. § 1983 and the Religious Freedom Restoration Act ("RFRA") against the defendants, New Brunswick Municipal Court ("NBMC"), the County of Middlesex, ("County"), and Middlesex County Adult Correction Center ("MCACC").  (Dkt. entry no. 2, Am. Compl.)

**THE CLAIMS BROUGHT UNDER THE RFRA** are not viable against the defendants, as they are local entities. See City of Boerne v. Flores, 521 U.S. 507, 511-36 (1997); Riley v. Snyder, 72 F.Supp.2d 456, 461 (D. Del. 1999). Therefore, the Amended Complaint insofar as it asserts claims under the RFRA will be dismissed. The Court will review the Amended Complaint insofar as it asserts claims brought under 42 U.S.C. § 1983.

**AS TO NBMC**, the plaintiff alleges that it issued "a Bogus Warrant" ("Warrant") in 2001 based on "closed" tickets, and that he was arrested based on the Warrant six years later on September 27, 2007. (Am. Compl. at 4.) The plaintiff further alleges that (1) he had been arrested and incarcerated for other offenses during that six-year period, and the Warrant was not mentioned to him, and (2) NBMC set an excessive bail amount after the arrest. (Id. at 4-5.) The plaintiff also alleges that (1) upon being released on October 9, 2007, he was not notified about a court date, and was arrested again on the Warrant on February 14, 2008, and that an excessive bail amount was set again, and (2) he was released again on February 26, 2008, and the Warrant was eventually dismissed. (Id. at 5-6.)

**THE CLAIMS** asserted against NBMC ("NBMC Claims") are barred. First, they concern events occurring from September 27 to October 9, 2007, and from February 14 to February 26, 2008, and thus are barred by the two-year statute of limitations for claims brought

under 42 U.S.C. § 1983 that accrue in New Jersey.  Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010); Rondon v. Passaic Cnty. Jail, 374 Fed.Appx. 238, 239 (3d Cir. 2010).[1]  Second, the NBMC Claims are barred under the absolute-immunity doctrine, as New Jersey municipal courts and judges cannot be held civilly liable for judicial acts, such as setting bail, even when those acts are in excess of their jurisdiction and alleged to have been done maliciously or corruptly.  See Figueroa v. Blackburn, 208 F.3d 435, 437, 440 (3d Cir. 2000); see also Santos v. New Jersey, 393 Fed.Appx. 893, 894 (3d Cir. 2010) (affirming dismissal of constitutional claim against state court judge based on alleged excessive bail, as judge was immune).  Municipal courts provide judicial services, an area in which local governments are treated as arms of the state for Eleventh Amendment purposes, and have the same immunity from an action brought under 42 U.S.C. § 1983 in federal court as states.  See Callahan v. Philadelphia, 207 F.3d 668, 670-74 (3d Cir. 2000).

**AS TO THE COUNTY**, the plaintiff alleges that based on his arrests and incarceration from the Warrant, he is the victim of "a SCAM that results in a lucrative source of desperately needed Income for the County Treasury and/or for the personal benefit of certain Government Officials".  (Am. Compl. at 4.)

---

[1]  The Court can address the statute of limitations sua sponte under 28 U.S.C. § 1915.  See Alexander v. Fletcher, 367 Fed.Appx. 289, 291 n.4 (3d Cir. 2010).

**THE CLAIMS** against the County ("County Claims") are barred. First, they are barred under the two-year statute of limitations as discussed above, because they concern arrests and incarceration that occurred in September 2007, October 2007, and February 2008 from the Warrant. Second, the County Claims "do not appear to be based in fact, but merely upon [the plaintiff's] own suspicion and speculation", and thus are frivolous. See Gera v. Pennsylvania, 256 Fed.Appx. 563, 566 (3d Cir. 2007) (affirming order dismissing claim that defendants conspired to have him arrested).

**AS TO MCACC**, the plaintiff alleges that while incarcerated there from (1) September 27 to October 9, 2007, and February 14 to February 26, 2008, he (a) "sought Spiritual Guidance and Fellowship, but such was denied . . . even though Bible Studies, Prayers, Worship & Spiritual Instruction and Counseling was occurring in other parts of MCACC" (Am. Compl. at 6), and (b) was subjected to overcrowding, prolonged lockdowns, and eating meals over a toilet (id. at 7), (2) March 13 to June 12, 2008, during a separate period of incarceration, he was blocked from accessing spiritual instruction, prayer, and counseling, and (3) September 29 to October 7, 2009, during yet another incarceration period, he was again so blocked. (Id. at 8.) As to the period from March 13 to June 12, 2008, he alleges that he filed grievances with MCACC, and submits exhibits in support. (See Am. Compl., Ex. G, Middlesex County Department of Corrections Warden's Request Form

(submitted by plaintiff 4-16-08).)  As to the period from September 29 to October 7, 2009, he again alleges that he filed grievances with MCACC, but submits no exhibits in support.

**THE CLAIMS** against MCACC ("MCACC Claims") insofar as they concern the periods from September 27 to October 9, 2007, from February 14 to February 26, 2008, and from March 13 to June 12, 2008, are barred by the two-year statute of limitations, as discussed above.  Also, under the totality of the circumstances, his allegations on the conditions of confinement in MCACC are not sufficient to state a claim.  See Hubbard v. Taylor, 538 F.3d 229, 234-35 (3d Cir. 2008) (stating housing of three prisoners in one cell and having some sleep on floor mattresses for seven months not constitutional violation); Brookins v. Williams, 402 F.Supp.2d 508, 512-13 (D. Del. 2005) (finding no constitutional violation where over five-day period inmate was placed in cell with two other inmates, ate near toilet, and not allowed to exercise).  Therefore, the only claim remaining is the claim that from September 29 to October 7, 2009, the plaintiff was prevented from accessing spiritual guidance ("2009 Claims").

**THE 2009 CLAIMS** are barred.  First, MCACC is not a "person" for the purposes of 42 U.S.C. § 1983, and thus is not amenable to suit.  See Kinlaw v. Foster, 226 Fed.Appx. 157, 158-59 (3d Cir. 2007); Perdue v. Penalosa, No. 93-6313, 1994 WL 559140, at *1 (4th Cir. Oct. 13, 1994); Marsden v. Fed. B.O.P., 856 F.Supp. 832, 836

5

(S.D.N.Y. 1994); Powell v. Cook Cnty. Jail, 814 F.Supp. 757, 758 (N.D. Ill.1993); McCoy v. Chesapeake Corr. Ctr., 788 F.Supp. 890, 893-94 (E.D. Va. 1992). Second, the plaintiff has not shown that he followed the MCACC grievance procedure for the 2009 Claims, as is required. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 83 (2006). There appears to be a grievance procedure at MCACC. See Dubois v. Abode, No. 03-2364, 2006 WL 3069124, at *1-2 (D.N.J. Oct. 26, 2006) (discussing same). Indeed, the plaintiff demonstrated that he followed the procedure from March to June 2008. Third, the deprivation of fellowship for nine days did not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life". Sandin v. Conner, 515 U.S. 472, 484, (1995); see McClellan v. Pike Cnty., No. 04-2588, 2005 WL 2234645, at *2-3 (M.D. Pa. Sept. 14, 2005) (dismissing claim concerning deprivation of religious services, as inmate not completely deprived in that he could engage in individual prayer); Ebersole v. Wagner, No. 99-4526, 1999 WL 1241079, at *1-2 (E.D. Pa. Dec. 20, 1999) (dismissing claim where prisoner was deprived of access to religious services for 6 days, as he was not kept from practicing religion within his cell, and reasons were reasonably related to legitimate security concern), aff'd, 229 F.3d 1137 (3d Cir. 2000).[2]

---

[2] All of this analysis concerning the dismissal of the 2009 Claims would also apply to claims concerning denial of spiritual guidance from March 13 to June 12, 2008, if those claims were not being dismissed under the two-year statute of limitations.

**THE COURT** will dismiss the Amended Complaint for the aforementioned reasons.  However, the Court will do so without prejudice to the plaintiff to either (1) reinstate the action in state court to the extent that the Amended Complaint can be construed to assert claims pursuant to state law, or (2) move to reopen the action in this Court, with a proposed second amended complaint remedying the Amended Complaint's deficiencies submitted in support.  The Court will issue an appropriate order and judgment.

                                                    s/ Mary L. Cooper  
                                             **MARY L. COOPER**  
                                             United States District Judge

Dated:    May 12, 2011